IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JAMES DRAUCKER, #23-000262, | § § § | |
| Petitioner, | § § | |
| V. | § | No. 3:23-cv-1469-X-BN |
| STATE OF TEXAS, | § § § | |
| Respondent. | § § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
<u>UNITED STATES MAGISTRATE JUDGE</u>**

Petitioner James Draucker, now incarcerated in Pennsylvania after his extradition from Rockwall County, Texas, filed a *pro se* application for a writ of habeas corpus under 28 U.S.C. § 2241 collaterally attacking his April 8, 2022 conviction in Rockwall County for driving while under the influence. *See* Dkt. No. 3; *see also Ex parte Draucker*, No. 05-22-00615-CR, 2022 WL 6935605, at *1 (Tex. App. – Dallas Oct. 12, 2022, pet. ref'd) ("On November 24, 2021, the Commonwealth of Pennsylvania charged [Draucker] with 2 counts of felony driving under the influence of drugs or alcohol and 9 misdemeanor offenses. According to [his] sworn application for writ of habeas corpus, on March 30, 2022, he was arrested in Fort Worth on bench warrants from Rockwall County, Texas and Jefferson County, Pennsylvania. On April 8, 2022, [Draucker] pleaded guilty to a Rockwall County driving while under the influence charge and was sentenced to 25 days in jail, with credit for time served. On April 13, 2022, [he] appeared before the Rockwall County Court at Law and refused extradition to Pennsylvania.").

United States Judge Brantley Starr referred the habeas application to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference.

Preliminarily, the habeas application is, in substance, one under 28 U.S.C. § 2254, as Draucker is collaterally attacking a state conviction. And Draucker may not skirt the Antiterrorism and Effective Death Penalty Act of 1996, the statutory scheme applicable to such petitions, by labeling this application as one under Section 2241. *See Felker v. Turpin*, 518 U.S. 651, 664 (1996). In fact, *Felker*, among other authority, empowers the district court to – "[i]rrespective of the label a petitioner uses" – "consider a filed habeas petition under the proper statutory framework." *Hallman v. Waybourn*, No. 4:20-cv-686-O, 2021 WL 1105330, at *1 (N.D. Tex. Feb. 10, 2021) (citing *Felker*, 518 U.S. at 662-65; *Walker v. O'Brien*, 216 F.3d 626, 633 (7th Cir. 2020) (relying on *Felker*); *Solsona v. Warden, F.C.I.*, 821 F.2d 1129, 1132 n.1 (5th Cir. 1987)).

But, regardless of whether the habeas application is considered under Section 2241 or Section 2254, Draucker must be "in custody" under the conviction that he is now attacking and, if he is, he must also fully and properly exhaust his state remedies prior to seeking federal habeas relief.

Under 28 U.S.C. §§ 2241(c)(3) and 2254(a), "[a] habeas petitioner may seek relief from a state court judgment only if he is '"in custody" under the conviction or sentence under attack at the time his petition is filed.'" *Rubio v. Davis*, 907 F.3d 860, 862 (5th Cir. 2018) (quoting *Maleng v. Cook*, 490 U.S. 488, 490-91 (1989)). A petitioner

need not be physically confined to be "in custody" for the purpose of habeas relief. *See Sinclair v. Blackburn*, 599 F.2d 673, 676 (5th Cir. 1979) ("'[I]n custody' does not necessarily mean 'in custody for the offense being attacked.' Instead, jurisdiction exists if there is a positive, demonstrable relationship between the prior conviction and the petitioner's present incarceration."). But, "[i]f the petitioner was no longer serving the challenged judgment when he filed his § 2254 petition because he fully discharged the sentence imposed upon that judgment, the 'in custody' requirement is not met, even if the challenged sentence was used to enhance a subsequent sentence that is not under attack in the § 2254 petition." *Acosta v. Texas*, No. 16-50883, 2017 WL 4574617, at *1 (5th Cir. June 6, 2017) (citing *Maleng*, 490 U.S. at 492; *Lackawanna Cnty. Dist. Attorney v. Coss*, 532 U.S. 394, 403-04 (2001) ("once a state conviction is no longer open to direct or collateral attack in its own right ... the conviction may be regarded as conclusively valid. If that conviction is later used to enhance a criminal sentence, the defendant generally may not challenge the enhanced sentence on the ground that the prior conviction was unconstitutionally obtained")).

Applying these standards to the history of the April 8 conviction set out above, Draucker has not shown that he is now "in custody" under the Texas conviction that he now challenges.

But, even if Draucker may be considered "in custody" under that conviction, because he has failed to show that, before resorting to federal habeas relief, he fully and properly exhausted his state remedies as to this criminal judgment, the

undersigned enters these findings of fact, conclusions of law, and recommendation that the Court should dismiss the habeas application under Rule 4 of the Rules Governing Section 2254 Cases (Habeas Rule 4) without prejudice to Draucker's right to exhaust his state remedies.

"[S]tate courts play the leading role in assessing challenges to state sentences based on federal law." *Shinn v. Kayer*, 141 S. Ct. 517, 526 (2020) (per curiam). A state prisoner must therefore fully exhaust state remedies before seeking federal habeas relief. *See* 28 U.S.C. § 2254(b)(1)(A); *Loynachan v. Davis*, 766 F. App'x 156, 159 (5th Cir. 2019) ("A federal court may not grant habeas relief unless the petitioner 'has exhausted the remedies available in the courts of the State.'" (quoting 28 U.S.C. § 2254(b)(1)(A))).

This entails submitting the factual and legal basis of any claim to the highest available state court for review in a procedurally correct manner. *See Satterwhite v. Lynaugh*, 886 F.2d 90, 92-93 (5th Cir. 1989).[1] Texas prisoners must present their

---

[1] *See also Nickleson v. Stephens*, 803 F.3d 748, 753 (5th Cir. 2015) ("The exhaustion doctrine demands more than allusions in state court to facts or legal issues that might be comprehended within a later federal habeas petition. The exhaustion doctrine is based on comity between state and federal courts, respect for the integrity of state court procedures, and 'a desire to protect the state courts' role in the enforcement of federal law.'" (quoting *Castille v. Peoples*, 489 U.S. 346, 349 (1989) (quoting, in turn, *Rose v. Lundy*, 455 U.S. 509, 518 (1982)))); *Loynachan*, 766 F. App'x at 159 ("To determine whether a § 2254 petitioner has exhausted a claim, his federal claim should be compared with the claim he raised in state court 'It is not enough that all the facts necessary to support the federal claim were before the state courts or that a somewhat similar state-law claim was made.' 'Rather, the petitioner must afford the state court a "fair opportunity to apply controlling legal principles to the facts bearing upon his constitutional claim."' This reflects the fact in the habeas system, state courts are provided the first opportunity to assess the claim." (citations omitted)).

claims to the Texas Court of Criminal Appeals (the CCA) in a petition for discretionary review or an application for state post-conviction relief. *See Bautista v. McCotter*, 793 F.2d 109, 110 (5th Cir. 1986). "A petitioner need merely press a claim through one of these avenues to exhaust that claim. [But, t]o exhaust a claim, it must also be presented in a procedural context in which state courts necessarily review the claim on the merits." *Loynachan*, 766 F. App'x at 159 (citations omitted).

Under Habeas Rule 4, a district court may summarily dismiss a Section 2254 habeas application "if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." *Id.*

> This rule differentiates habeas cases from other civil cases with respect to *sua sponte* consideration of affirmative defenses. The district court has the power under [Habeas] Rule 4 to examine and dismiss frivolous habeas petitions prior to any answer or other pleading by the state. This power is rooted in "the duty of the court to screen out frivolous applications and eliminate the burden that would be placed on the respondent by ordering an unnecessary answer."

*Kiser v. Johnson*, 163 F.3d 326, 328 (5th Cir. 1999) (quoting 28 U.S.C. foll. § 2254 Rule 4 Advisory Committee Notes); *see Rodriguez v. Dretke*, No. 5:04-cv-28-C, 2004 WL 1119704, at *1 (N.D. Tex. May 17, 2004) (applying Habeas Rule 4 prior to the filing of an answer where this "Court [was] of the opinion that [the petitioner] has failed to exhaust his state court remedies" (citing *Kiser*)).[2]

---

[2] *See also Magouirk v. Phillips*, 144 F.3d 348, 357 (5th Cir. 1998) ("[T]here is no doubt that a federal court may raise *sua sponte* a petitioner's failure to exhaust state law remedies and apply that doctrine to bar federal litigation of petitioner's claims until exhaustion is complete." (citations omitted)); *cf. Dispensa v. Lynaugh*, 847 F.2d 211, 217 (5th Cir. 1988) ("This requirement, that a petitioner who seeks federal redress must first seek relief in state courts and thus exhaust his state

In the habeas application, Draucker relates that, while he attempted to file a habeas petition in Rockwall County, "the Rockwall County court refused to open a habeas case for [him]," so he filed a habeas petition in the Dallas Court of Appeals, a petition that the court of appeals dismissed for lack of jurisdiction, which led Draucker to draw the conclusion that the CCA "would [also] not have jurisdiction." Dkt. No. 3 at 2.

Based on this narrative, the CCA has not had an opportunity to consider the claims that Draucker now raises in federal court. He has thus failed to exhaust state remedies in a procedurally correct manner. And his construed Section 2254 application should be dismissed without prejudice under Habeas Rule 4. *See, e.g.*, *Sam v. Louisiana*, 409 F. App'x 758, 763 (5th Cir. 2011) (per curiam) ("A federal district court may not adjudicate a habeas petition unless all claims in the petition are exhausted." (citing *Rhines v. Weber*, 544 U.S. 269, 274 (2005))).

### Recommendation and Directions to Clerk of Court

The Court should dismiss Petitioner James Draucker's application for a writ of habeas corpus under Rule 4 of the Rules Governing Section 2254 Cases without prejudice to his right to exhaust state remedies. The Court should further direct that the Clerk of Court serve any order accepting or adopting this recommendation on the Texas Attorney General.

And the Clerk of Court is DIRECTED to serve electronically this

---

remedies, is not a jurisdictional prerequisite, but a prudential policy based on concerns for federalism." (citations omitted)).

recommendation and the petition, along with any attachments thereto and brief in support thereof, on the Texas Attorney General as counsel for Respondent, directed to the attention of Edward L. Marshall, Chief, Criminal Appeals Division, Texas Attorney General's Office. *See* RULE 4, RULES GOVERNING SECTION 2254 CASES IN THE UNITED STATES DISTRICT COURTS.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: July 13, 2023

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE