IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JAMES DRAUCKER, #23-000262, | § § § | |
| Petitioner, | § § | |
| V. | § § | No. 3:23-cv-1469-X-BN |
| STATE OF TEXAS, | § § § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
<u>UNITED STATES MAGISTRATE JUDGE</u>**

Petitioner James Draucker, now incarcerated in Pennsylvania after his extradition from Rockwall County, Texas, filed a *pro se* application for a writ of habeas corpus under 28 U.S.C. § 2241 collaterally attacking his April 8, 2022 conviction in Rockwall County for driving while under the influence. *See* Dkt. No. 3; *see also Ex parte Draucker*, No. 05-22-00615-CR, 2022 WL 6935605, at *1 (Tex. App. – Dallas Oct. 12, 2022, pet. ref'd) (setting out, as background to Draucker's unsuccessful habeas challenge to his extradition, that, "[o]n April 8, 2022, he pleaded guilty to a Rockwall County driving while under the influence charge and was sentenced to 25 days in jail, with credit for time served").

On August 1, 2023, the Court dismissed the Section 2254 application under 28 U.S.C. § 2254 Rule 4 without prejudice to Draucker's right to exhaust state remedies. *See Draucker v. Texas*, No. 3:23-cv-1469-X-BN, 2023 WL 4912108 (N.D. Tex. July 13, 2023), *rec. accepted*, 2023 WL 4923955 (N.D. Tex. Aug. 1, 2023).

Less than 28 days later, Draucker objected to the judgment and moved the

Court to reopen this case [Dkt. No. 11], a filing that the Court should construe as a motion under Federal Rule of Civil Procedure 59(e).

Where a litigant requests that a district court reexamine a prior ruling that adjudicates all the claims among all the parties, such a motion filed "within twenty-eight days after the entry of the judgment … is treated as though it was filed under Rule 59." *Demahy v. Schwarz Pharma, Inc.*, 702 F.3d 177, 182 n.2 (5th Cir. 2012) (per curiam) (citation omitted); *see also Banister v. Davis*, 140 S. Ct. 1698, 1705 (2020) ("The Federal Rules of Civil Procedure generally govern habeas proceedings" but will "give way … if and to the extent" they are "'inconsistent with any statutory provisions or [habeas-specific] rules.'" (quoting 28 U.S.C. § 2254 Rule 12)).

A Rule 59(e) motion timely filed, within 28 days of judgment, "'suspends the finality of the original judgment' for purposes of an appeal." *Banister*, 140 S. Ct. at 1703 (quoting *FCC v. League of Women Voters of Cal.*, 468 U.S. 364, 373, n.10 (1984)). So, at this point, "there is no longer a final judgment to appeal from," and, "[o]nly the disposition of [the Rule 59(e)] motion 'restores th[e] finality' of the original judgment, thus starting the 30-day appeal clock." *Id.* (citations omitted). The Court's "ruling on the Rule 59(e) motion" will therefore merge "with the prior determination, so that the reviewing court takes up only one judgment." *Id.* (citation omitted).

Rule 59(e) "is 'an extraordinary remedy that should be used sparingly.'" *Rollins v. Home Depot USA*, 8 F.4th 393, 396 (5th Cir. 2021) (citation omitted). And, while its text "does not specify the available grounds for obtaining such relief," the United States Court of Appeals for the Fifth Circuit

> has explained that Rule 59(e) motions "are for the narrow purpose of correcting manifest errors of law or fact or presenting newly discovered evidence" – not for raising arguments "which could, and should, have been made before the judgment issued." [The Fifth Circuit has] further noted that Rule 59(e) allows a party to alter or amend a judgment when there has been an intervening change in the controlling law.

*Id.* (citations omitted); *accord Demahy*, 702 F.3d at 182.

Draucker's construed Rule 59(e) motion fails to show a basis for relief: controlling law has not changed since the Court entered judgment; Draucker presents no newly discovered evidence; nor does he show that the Court need correct a manifest error of law or fact, as Draucker fails to show that the basis for the dismissal was incorrect.

The Court should therefore deny the construed motion under Rule 59(e).

**Recommendation**

The Court should deny Petitioner James Draucker's construed motion under Federal Rule of Civil Procedure 59(e) [Dkt. No. 11], and should, solely for statistical purposes, reopen and then close this case based on any order accepting or adopting these findings, conclusions, and recommendation.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation

where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: August 25, 2023

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE