IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JAMES DRAUCKER, #23-000262, | § § § | |
| Petitioner, | § § | |
| V. | § § | No. 3:23-cv-1469-X-BN |
| STATE OF TEXAS, | § § § | |
| Respondent. | § | |

# FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

Petitioner James Draucker, now incarcerated in Pennsylvania after his extradition from Rockwall County, Texas, filed a *pro se* application for a writ of habeas corpus under 28 U.S.C. § 2241 collaterally attacking his April 8, 2022 conviction in Rockwall County for driving while under the influence. *See* Dkt. No. 3; *see also Ex parte Draucker*, No. 05-22-00615-CR, 2022 WL 6935605, at *1 (Tex. App. – Dallas Oct. 12, 2022, pet. ref'd) (setting out, as background to Draucker's unsuccessful habeas challenge to his extradition, that, "[o]n April 8, 2022, he pleaded guilty to a Rockwall County driving while under the influence charge and was sentenced to 25 days in jail, with credit for time served").

United States District Judge Brantley Starr referred Draucker's habeas action to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference.

On August 1, 2023, the Court, accepting the undersigned's recommendation, entered judgment dismissing the construed Section 2254 application under 28 U.S.C.

§ 2254 Rule 4 without prejudice to Draucker's right to exhaust state remedies. *See Draucker v. Texas*, No. 3:23-cv-1469-X-BN, 2023 WL 4912108 (N.D. Tex. July 13, 2023), *rec. accepted*, 2023 WL 4923955 (N.D. Tex. Aug. 1, 2023).

Less than 28 days later, Draucker objected to the judgment and moved the Court to reopen this case [Dkt. No. 11], a filing that the undersigned has construed as a motion under Federal Rule of Civil Procedure 59(e). And the undersigned has entered findings of fact and conclusions of law recommending that the Court deny the construed Rule 59(e) motion, *see* Dkt. No. 12, but Judge Starr has yet to rule on that recommendation.

More recently, and more than 28 days after entry of judgment, Draucker filed a Petition to Amend Judgment or Request for New Trial [Dkt. No. 15] (the Motion).

First, insofar as Draucker seeks relief specified in Rule 59 (an amended judgment or a new trial), the Motion is untimely. *See* FED. R. CIV. P. 59(b) ("A motion for a new trial must be filed no later than 28 days after the entry of judgment."); FED. R. CIV. P. 59(e) ("A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment.").

But the Motion may also be considered under Federal Rule of Civil Procedure 60(b). *See Demahy v. Schwarz Pharma, Inc.*, 702 F.3d 177, 182 n.2 (5th Cir. 2012) (per curiam).

"[T]here are two circumstances in which a district court may properly consider a Rule 60(b) motion in a § 2254 proceeding: (1) the motion attacks a 'defect in the integrity of the federal habeas proceeding,' or (2) the motion attacks a procedural

ruling which precluded a merits determination" by, for example, arguing that a district court's ruling as to exhaustion, procedural default, or limitations was in error. *Gilkers v. Vannoy*, 904 F.3d 336, 344 (5th Cir. 2018) (quoting *Gonzalez v. Crosby*, 545 U.S. 524, 532 (2005)); *see also Jackson v. Lumpkin*, 25 F.4th 339, 340-41 (5th Cir. 2022).

The Motion does neither.

It instead attacks the integrity of the state criminal proceeding and therefore may raise new claims. But the Court did not resolve Draucker's initial Section 2254 petition as to this state conviction on the merits. So the Motion should not be considered a second or successive Section 2254 petition. *See Banister v. Davis*, 140 S. Ct. 1698, 1709 (2020) ("[A] Rule 60(b) motion for relief from a final judgment denying habeas relief counts as a second or successive habeas application … so long as the motion 'attacks the federal court's previous resolution of a claim on the merits.'" (cleaned up)); *Cedillo v. Dir., TDCJ-CID*, No. 3:22-cv-1767-K-BN, 2022 WL 4125261, at *1 (N.D. Tex. Aug. 15, 20222) ("[T]he construed Section 2254 application should not be considered successive, since Cedillo's initial application was dismissed without prejudice." (citing *Jones v. Dir., TDCJ-CID*, No. 3:21-cv-1445-S-BN, 2021 WL 3940635, at *1 (N.D. Tex. Aug. 17, 2021), *rec. accepted*, 2021 WL 3930724 (N.D. Tex. Sept. 1, 2021))), *rec. accepted*, 2022 WL 4125083 (N.D. Tex. Sept. 9, 2022).

Regardless, any new claims Draucker may now make through the Motion remain unexhausted. And the Court should deny the Motion without prejudice. *See generally Draucker*, 2023 WL 4912108.

### Recommendation

The Court should deny Petitioner James Draucker's Petition to Amend Judgment or Request for New Trial [Dkt. No. 15] without prejudice and, solely for statistical purposes, should reopen and then close this case based on any order accepting or adopting these findings, conclusions, and recommendation.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: September 18, 2023

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE